UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


OLIVER WAYNE HACKNEY,              )      CASE NO. 1:18 CV 1396
                                  )
              Plaintiff,           )
                                  )      JUDGE DAN AARON POLSTER
       vs.                         )
                                  )
THE UNITED STATES, et al.,         )      **MEMORANDUM OF OPINION**
                                  )      **AND ORDER**
              Defendants.          )


       *Pro se* Plaintiff Oliver Wayne Hackney has filed in this Court an action against The

United States and Great Lakes Program Service Center ("Great Lakes") (Doc. 1), along with an

application to proceed *in forma pauperis* (Doc. 2). For the reasons stated below, Plaintiff's

application to proceed *in forma pauperis* is granted, but his Complaint is dismissed because this

Court lacks federal jurisdiction over it.

       Plaintiff appears to challenge a reduction in his social security benefits, but his

allegations are unclear. In the Complaint, Plaintiff merely summarizes his work history, past

wages, and prior social security disability benefits. (Doc. 1 at 1-2.) But he attaches to the

Complaint an undated document entitled "COMPLAINT" with a legal caption of *Hackney v.

Great Lakes Program Service Center*, in which he appears to allege that Great Lakes owes him

more than $50,000.00 in overpaid child support that it wrongfully deducted from his social

security benefits after his son died. (*Id*. at 3.)

       Judicial review of social security decisions is governed by 42 U.S.C. § 405(g), which

provides in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).  Two elements are required to establish federal jurisdiction to review the decisions of the Commissioner of Social Security: (1) a plaintiff must exhaust his administrative remedies, and (2) the Commissioner must issue a final decision.  *See Pohlmeyer v. Sec'y of Health and Human Serv.*, 939 F.2d 318, 320 (6th Cir. 1991) (citing *Mathews v. Eldridge*, 424 U.S. 319, 327–29 (1976)).  Before a plaintiff may obtain judicial review of a claim for benefits, he must exhaust the following four-step administrative process in the Social Security Administration:  (1) initial determination; (2) reconsideration; (3) a hearing before an administrative law judge; and (4) Appeals Council review.  *See* 20 C.F.R. §§ 404.900(a)(1)-(4); 416.1400(a)(1)-(4).  When these four steps are completed, the agency "will have made [its] final decision" and a plaintiff "may request judicial review by filing an action in a Federal district court."  42 C.F.R. §§ 404.900(a)(5), 416.1400(a)(5).

Plaintiff's Complaint makes clear that this Court lacks jurisdiction over his case.  There is no indication on the face of Plaintiff's pleadings that he has availed himself of the four-step administrative process.  Nor does he allege facts showing there has been a final decision by the Commissioner after a hearing.  Plaintiff attaches to the Complaint numerous documents relating to social security benefits.  (*See* Doc. 1-3, Doc. 1-4.)  Among those documents is a docket sheet of a case Plaintiff filed on May 7, 2018 in the United States Court of Federal Claims against The United States (Case No. 1:18 CV 667) and the first page of an order the court issued in that case on May 14, 2018.  (Doc. 1-3 at 1-2.)  But that action is not part of the administrative review

process Plaintiff must complete before seeking review of a social security determination in a federal district court. In the absence of exhaustion of the administrative review process and a final decision by the Commissioner as required by § 405(g), this Court is without jurisdiction over Plaintiff's Complaint.

Accordingly, Plaintiff's Complaint (Doc. 1) is dismissed for lack of jurisdiction. The Court certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. 1915(a)(3).

**IT IS SO ORDERED.**


_s/Dan Aaron Polster_
**DAN AARON POLSTER**
Dated: 8/23/2018                    **United States District Judge**